Good morning, Your Honors. May it please the Court, Barry Glasser, on behalf of Los Angeles Treasurer and Tax Collector, I'd like to reserve five minutes for rebuttal. Based on 11 U.S.C. Section 545.2, a debtor may set aside statutory lien on property that's not perfected or enforceable against a PFP, except where provided under state law. A BFP is defined as a purchaser who acquires a property interest for valuable consideration. Let me ask you this, just jumping right to it. Do you concede that the opinion in Ree Cummins established that, at that time, a personal property tax lien under the California Revenue and Taxation Code, Section 2191.4, was not valid against a bona fide purchaser? No, I do not. The reliance... So, if Cummins is still good law, you don't lose? That's right, because Humboldt did not argue that. The reliance was misplaced because an opinion is authority for points actually decided. In Cummins, it was conceded by Humboldt County that the lien under RTC 2191.4 could not defeat a BFP. The county makes no concession here in this case. There is no reference to 2191.4 allowing a BFP to avoid the lien in the Cummins case because it didn't exist. The statute provides a recorded certificate of tax lien is valid against any purchaser for value, including a BFP, except where that purchaser is without knowledge of the lien, not notice. The BAP erroneously equated the lesser hypothetical BFP without notice standard of 542 with the greater actual knowledge standard set forth in 11 U.S.C. 544A. By making such an assumption, the BAP improperly enhanced sub solentio, the status of the debtor in this appeal as a hypothetical BFP under 542... 545.2, wherein the language does not exist, that it's a purchaser without actual knowledge as opposed to notice. In addition, a reading of 545.2 does not reveal any intent of Congress to impute a hypothetical BFP with lack of actual knowledge in the statute. Am I correct in the facts that it's my understanding that the county did not record its judgment lien against Mainland with the Secretary of State? That's right. And so why not? That's not required by the statute. In fact, if you look at the... You're saying the enactment of Civil Procedure Code section 697.510 doesn't require you to do that? That's correct, because let me tell you, the reason why... Okay, so Cummins doesn't apply to you, that statute doesn't apply to you, and he didn't perfect the... And the reason it's recorded in the county recorder's office is it applies only to personal property in the particular county. If you run a title report, it's going to show up on the title report. There's no need to record with the Secretary of State. It doesn't make any sense. That legislature was brought into effect after the Cummins case was decided, and that's what... But why did you wait so long to challenge the Cummins case? Well, you ought to ask Humboldt County that issue. It hasn't come up before, Your Honor. We were only brought into this after Judge Brand in the bankruptcy court. It was brought to her attention, this argument came up. Now, what's interesting is she, in the summary judgment, granted the county's favor under 544A because she didn't find actual knowledge. And so in a footnote, the appellee says, oh, we should have appealed that, and we'll bring it to the court's attention, and maybe they can reverse that decision. Well, what we're looking at here is really what is the effect of the new statute since Cummins? Why did the legislature put it into effect? It has the force and effect of a judgment lien. It saves the county money and time to... When you say the new statute, are you talking 697.510? No, 2191.4 has that language specifically in it. And what's your interpretation of that language again? If I can read it to you here, Your Honor. Well, no, I've got it right in front of me. It says it has the judgment and effect of a judgment lien. So there's no need to record one. The reason why the legislature put that language in is so that the counties don't have to record it with the Secretary of State. All right, focus in on this language. Shall not be valid against a purchaser for value or encumbrancer without actual knowledge of the lien when he or she acquires his or her interest in the property. What does that mean? That means... That's what it clearly says. That's exactly what it says. So, in other words, if this debtor did not have actual knowledge of the lien on personal property, the lien's not valid. If the debtor did have actual knowledge of, you know, the lien on the personal property, then it's valid against this debtor. There was no determination whether or not the debtor had actual knowledge of this lien made by the bankruptcy court nor the bank, Your Honors. Well, it says shall not be valid against a purchaser for value. Right. Who's the purchaser for value in your scenario here? That would be the debtor. That would be the debtor. Right. And so if it's proven, Your Honor... Or would it be a purchaser from the debtor? Well, it could be a purchaser from... If they had actual knowledge of the lien, knowledge, not notice, then it would be enforceable. There's a strong difference between notice and knowledge. And the BAPT's decision regarding personal property tax liens have created an untenable situation that forces counties statewide to acquire at great expense, which the statute 2191.4 that came into effect, the analogous statute... So what does this require the counties to do that you're saying is so hard and so expensive? I'll tell you what... Because the counties are right on top of trying to get the money, you know, so... This is what it does, Your Honors. In every case where personal property taxes are owed, they have to file the lien, the judgment lien, with the Secretary of State. This ignores the meaning and legislative intent in passing RTC... But how hard is that? Well, I'll explain, Your Honor. It requires that the instant a delinquent taxpayer files bankruptcy, the tax lien is avoidable under this case, under this BAPT ruling, under 11 U.S.C. 545-2. And the county cannot pursue a money judgment without seeking relief from the automatic stay. The BAPT ignored as a main purpose in enacting 2191.4, as Your Honor has stated, was to save the county's time and money in enforcing the collection of a delinquent personal property tax on personal property located within the specific county. There's no reason for the county to do this. That's why the legislature brought that into effect, to save the county time and money by recording in the county where the personal property is located. Anybody can look that up by getting a title report. There is no need to extend this. What kind of title report? In other words, if you do a business deal, you look at two things, generally speaking, UCC filings... Yes. And the real estate. Right. It would show up on the real estate. But where would you look then for this new California rule about a tax lien as described in 2194.4? It would be in the title report under the real estate liens on that property. Okay. Let's assume, let's take real estate out of the equation. Okay. I'm just the guy that wants to buy. I mean, the Cummins case, would you have about $500 worth of equipment? No one's going to do a lien search for that. They're going to buy it. They're going to sell it. But now you have a company that's got equipment under security interest. It's got real estate. It's got probably inventory. All right. You look at the UCC filings. You look at the real estate filings. What directs you to the judgment that the counties want to assert? Well, the fact of the matter is, if they... You know, I might be the dumbest guy in the room here, so just, you know, make it simple. Well, I'll make it simple. Okay. It doesn't matter. And I'll tell you why. This is a simple fact. If they don't have knowledge, personal knowledge of that lien, then it doesn't apply. In other words, they take free of that lien. They take free. Yeah. So it really doesn't matter, Your Honor. That's as simple as I can get it. Yeah. Okay. So... But here's your best argument as a matter of Federal law that pursuant to 11 U.S.C. Section 542, a bankruptcy trustee is not presumptively a bona fide purchaser, even if he or she has actual knowledge of the underlying lien. That's correct. And that's... What's your best case? What's your best argument? Well, what happened is, if they don't have actual knowledge, then the lien's not in place. In other words, what I think the court is saying... What's your best case that the bankruptcy trustee is not presumptively a bona fide purchaser, even if he or she has actual knowledge of the underlying lien? Okay. If they have actual knowledge, that's under 544. This case is brought under 545.2. That's not before the court, 544, Your Honor. This is brought under 545.2, which talks about actual notice, not knowledge. That's why there's a difference, Your Honor. And that's why it's important to distinguish that the BAP erroneously equated the lesser hypothetical BFP without notice, standard under 545.2 with the greater actual knowledge, standard set forth in 11 U.S.C. 545a. By making such an assumption, the BAP improperly enhanced the status of the debtor in this appeal. In other words, they moved over from 544a, the actual knowledge requirement, which is a higher standard than what's in 545.2, which is the actual notice standard. That's the problem, and that's why the BAP's ruling should be overturned by this court. So are you saying the trustee ‑‑ I might be the dumbest person in the room on tax issues, but are you saying that the trustee had actual knowledge of the lien? We don't know that, Your Honor. And that's something that this court can remand back to the bankruptcy court to make that determination. Did the debtor have actual knowledge of this lien? There's been no determination to that effect. I mean, that's the issue. We're not talking about notice. And that's the problem with the BAP. So you're saying we don't really know whether it was perfected in the sense of actual knowledge as to the trustee, because there was no finding. Well ‑‑ But you would think they would know. I mean, wouldn't they ‑‑ You would think they would, Your Honor. But there's been no determination, although the court did deny the debtor's motion for summary judgment under 544. So that's an interesting note, even though in a footnote they're claiming they should have appealed that. But in any event, and the BAP ‑‑ So you would argue that you would be entitled to have disgorgement of attorney's fees to the debtor's counsel in this case as a remedy. That's correct. And let me tell you how that came about, Your Honors, if I may. At the conclusion of the ruling by Judge Brand, the bankruptcy judge, we agreed on the stipulated orders that if the district court or the BAP determined in the county's favor, there would be a disgorgement of the attorney's fees. And we can reopen the case. And the bankruptcy court has reserved jurisdiction to allow that to happen. And that's why this case is not moved. So you really are just requesting that we demand for determination of actual knowledge? I think that's a solution to this case, Your Honor. Otherwise, finding that the BAP improperly looked at the wrong United States code ‑‑ But I asked you for what authority. Let's assume they have actual knowledge. Does that really change that? I'm going to ask them. Yes. Yes. It does change it because then you can't set it aside if they have actual knowledge. Because they're not a bona fide purchaser for value if they have actual knowledge. That's correct. And also, the BAP said, well, we're going to take that actual knowledge standard that's set forth in 544, and we're going to move it over to 545. And that's what they did here. And that was improper. Because under 545, it talks about notice. And the distinction between notice and knowledge, notice is not synonymous with or the equivalent of knowledge. And how do you reconcile then the holding in Humboldt with what you're proposing? What happened was Humboldt for some reason conceded the issue. It was never argued in that court decision. Okay. I'd like to reserve my time, Your Honor. You have 17 seconds. That's all you have left. I understand, Your Honor. But it will be a meaningful 17 seconds. It should be. Thank you, Your Honor. Thank you. Good morning, Your Honors. Good morning. May it please the Court. Good morning. My name is Vanessa Haberbusch, and I represent the Appellee Mainline Equipment Incorporated, the debtor in possession, and the bankruptcy case. Section 545 of the Bankruptcy Code gives the debtor in possession the status of a bonafide purchaser. And Section 2191.4 of the California Revenue and Taxation Code does not create a lien against personal property that is good against a person without actual knowledge of the lien. The bankruptcy appellate panel correctly determined that the debtor could avoid the county's claim of lien. But did the debtor have actual knowledge of the lien? Your Honor, that is irrelevant for this appeal. Why? Under 545, it is a hypothetical bonafide purchaser for value. The actual knowledge of the debtor, debtor in possession, or the trustee is irrelevant. That is because this provision provides for a hypothetical person, a hypothetical bonafide purchaser for value, and gives rights that are ordinarily not available to the debtor. The debtor stands in the shoes of a trustee. In Chapter 11, they sit as their own trustee and have those rights. Therefore, the actual knowledge is irrelevant to this determination. So your response to that it needs to be remanded to determine actual knowledge, whether there was actual knowledge or not, it doesn't need to be from your analysis? That's correct, Your Honor. The bankruptcy court and the bankruptcy appellate panel both recognize that actual knowledge of the debtor is irrelevant because all you look at is a hypothetical bonafide purchaser. The debtor has that position and, by definition, will not have actual knowledge of it if you're a bonafide purchaser. And the reason for that is it puts secured creditors ahead of unsecured creditors? Is that what they're trying to do? Essentially, I believe, Your Honor, if I understand your question correctly. It's in order of paying off the debts. Right. And it's to give creditors equal status and say, when you file the bankruptcy, was this lien perfected? What are your rights? What would they be in terms of lien priority outside of bankruptcy for third parties? But the county is saying, under county law, they have perfected their lien simply by recording it with the county, that they don't have the additional obligation to perfect it with the Secretary of State. That is what the county is arguing, Your Honor. But I believe that makes the exception in the statute meaningless. There is an exception that states that the lien is not good against a purchaser without knowledge of the lien. A bonafide purchaser cannot have knowledge by definition. There's different types of notice that a bonafide purchaser can have. They can have constructive. They can have actual. If they have actual knowledge, they can't be a bonafide purchaser anymore. And if they can't be a bonafide purchaser with actual knowledge, it goes to show that a bonafide purchaser will not have actual knowledge and meet the statute under the Revenue Code. That seems pretty circular. It may, Your Honor, but the language of the statute is clear. And if it's related to actual knowledge and a bonafide purchaser can't have actual knowledge, they meet the statute by definition. Okay. Why don't I ask counsel for the appellant about the reading of Henry Cummins. Yes, Your Honor. And I asked him if it established that at that time, a personal property tax lien under California Revenue and Taxation Code, Section 2191.4, was not valid against a bonafide purchaser. How do you read Cummins and the interplay? Your Honor, I believe that it controls and that to be consistent with both Cummings and Perry, this Court should rule in favor of the debtor. Cummings, related to the same statute, had the same applicable provisions at issue, and it's determined that that exception made it so you had to perfect the lien. Yes, there was a different method for perfecting personal property liens at the time. They had to have a levy, essentially. Now it's through a recording with the Secretary of State. So your position is that Cummins is still good law? Yes, Your Honor. I don't believe that the change in how you perfect personal property liens changes that analysis. It just changes how the lien is perfected. You need a recording with the Secretary of State. That's not a large burden for the county. The statute has an exception for a reason. I'm not sure who would apply if a bonafide purchaser can't meet that standard. The county admitted that if you had actual knowledge, you would be able to avoid the lien under the Revenue Code. A bonafide purchaser under the Bankruptcy Code should be able to do the same thing. I will continue, Your Honors. In the reply, the county does bring up legislative history. I would say that it's not relevant. If the statute is clear on its face, which it appears that the panel believes, you need to go no further to the legislative history, look at the language of the statute. Both statutes are clear. There's no reason to go further. Additionally, the legislative history is from 1961. Both Perry and Cummins were decided after that date, and neither of them discussed the legislative history. The reason for that is because it doesn't provide any help to the analysis. It simply says the purpose for the statute is to be an easy way to get the liens. There's no question it creates a lien. It has to do with perfection. I just want to make sure I understand your argument as you're presenting it. The way I understand what you're saying is that the county's personal property liens do not become valid against a bonafide purchaser upon the county's filing of the lien with a certificate of record with the county. That's correct. Okay, and then I understand your argument to be that Section 2191.4 of the California Revenue and Tax Code provides that for such a certificate, the lien upon unsecured property shall not be valid against a purchaser for value or encumbrancer without actual knowledge of the lien when he or she acquires his  And then I understand that you're saying that Section 697.10 of the California Revenue and Tax Code, which was enacted after Cummins, provides for the perfection of a judgment lien against personal property by recording it with the Secretary of State. That's correct. Am I following you? Yes, you are, Your Honor. All right. I know there's a lot of statutes involved, and it's kind of a long analysis to get to the bottom of it. I just want to make sure I have your argument in mind. Yes, you do, Your Honor. And there is no reason for this Court to depart from the rulings in Perry v. Cummins. Both of them are clear in why they ruled the way they did. There's been no substantive change to that analysis. So how hard is it to do what was required by the lower court here? Your Honor, it's not very hard to do a UCC lien. I mean, I'm not sure what the county would have to do, but I know when I file them, it's a form, it's one page. You can file it online with the Secretary of State. But this would require the county to do those. I mean, it doesn't know which of the people or entities that owes it taxes are going to go bankrupt. So the county, instead of just recording with the county, as it believes is sufficient, would have to record every tax lien also with the state. Yes, Your Honor. I don't believe that's a burden. They are already recording these with the county. There's no reason why they can't do another recording with the state. That's not burdensome. Failure to do so goes against the general standards for personal property liens. Personal property liens are recorded with the Secretary of State. That's where people look for them. If they're somewhere else, it's going to upset that general scheme of doing things. And the Revenue Code, Section 2191.4, doesn't change that. The exception makes it clear that they are intending to leave that intact. All right. Does anybody have any other questions? All right. Thank you, counsel. Your Honor, I'll use my 17 seconds. Your Honor, in Cummins, the court said they need an analogous statute to real property, which doesn't have to be recorded with the Secretary of State, because it was nonexistent, the current code section in question. Now, legislature went ahead, after Cummins, and decided to add this new code section to allow the counties to record the lien in the county where the personal property is located to save the counties substantial money. What you're talking about is getting a judgment lien. You have to get a judgment lien. It's not just like recording a lien with Secretary of State. You have to get a judgment lien, and that's expensive. But isn't that required by the statute? No, not under, after Cummins, with the analogous statute to real property. Now that there's an analogous statute, because real property, you don't have to record that lien with Secretary of State. Cummins said if we had an analogous statute, which the legislature enacted subsequently after Cummins, and I believe, Your Honors, that having that statute and recording in the county recorder's office is sufficient. Otherwise, it's going to create a statewide crisis with counties having to go to the burden and expense of recording this, getting a judgment lien, and taking it to the county. What is the burden and expense? It's having to litigate and get a judgment and then record it. And in bankruptcy, if they go bankrupt, you'd have to get leave from stay to litigate that issue on the judgment lien and then record it, if you win, with the Secretary of State. So that's the burden and expense. And when you look at all the counties in the state of California, it's not just Los Angeles County, the expense is quite a burden, Your Honor. Thank you, Your Honor. I don't get the expense argument either. I mean, couldn't the legislature pass a law that says once you get, they don't file their personal property tax returns, they don't pay their personal property tax returns, the county files a statement with the Secretary of State? Well, these aren't returns, Your Honor. What happens is they haven't paid. No returns, I understand. They haven't paid the personal property tax for years. Right. But I think the major thing here is look under 544, 11 U.S.C. Section 544 and 545, and see what the bankruptcy appellate panel did by transferring over personal knowledge to 545 from 544. I think that's critical, the distinction between personal knowledge and notice. Thank you, Your Honor. All right. Thank you, Counsel. LA County Treasurer v. Mainline Equipment is submitted, and this Court will be adjourned for this session.
judges: Wardlaw, Callahan, Quist